**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JAMES M. YANOSKI,

    Plaintiff,

    v.

SILGAN WHITE CAP AMERICAS, LLC,

    Defendant.

CIVIL ACTION NO. 3:14-CV-01862

(JUDGE CAPUTO)

## MEMORANDUM

Presently before me is a motion for leave to reopen discovery so that Plaintiff James M. Yanoski ("Plaintiff") may request punitive damages interrogatories and requests for documents upon Defendant Silgan White Cap Americas, LLC ("Defendant").  (Doc. 44.) Specifically, Plaintiff seeks discovery relating to Defendant's financial status.  Because Plaintiff presents no compelling reason to reopen discovery and because doing so would prejudice Defendant, Plaintiff's motion will be denied.

### I. Background

On September 24, 2014, Plaintiff filed a Complaint against Defendant asserting violations of the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA").  (Doc. 1.)  Specifically, Plaintiff alleged that Defendant engaged in discriminatory employment practices on the basis of Plaintiff's muscular dystrophy.  In his Complaint, Plaintiff included a request for punitive damages.  (*Id.* at 7.)

On February 26, 2015, I entered a Case Management Order, which established June 1, 2015 as the deadline for fact discovery.  (Doc. 14.)  On September 16, 2015, I approved of a stipulation, which extended the fact discovery deadline to October 1, 2015. (Doc. 25.)  On March 8, 2016, I entered an Order placing this case on the July, 2016 trial list of this Court.  (Doc. 39.)

On April 27, 2016, I issued a Memorandum and Order granting Defendant's Motion for Summary Judgment with respect to Plaintiff's retaliation claim, but denying Defendant's Motion with respect to Plaintiff's discrimination claims.  (Docs. 40 & 41.)  On June 7, 2016, I entered an Order scheduling a pre-trial conference for June 27, 2016,

with all motions in limine along with supporting briefs to be filed by June 24, 2016.  (Doc. 47.)  Jury selection is scheduled to begin on July 11, 2016.  (*Id.*)

On May 18, 2016, Plaintiff filed a motion for leave to reopen discovery to serve punitive damages interrogatories and requests for production of documents relating to Defendant's financial status.  (Doc. 44.)  Plaintiff's brief in support of this motion was filed the following day (Doc. 45) and on May 31, 2016, Defendant filed a brief in opposition (Doc. 46).  Although Plaintiff's time to file a reply brief in further support of his motion has expired, he did not file one.  Plaintiff's motion is now ripe for disposition.

## II. Discussion

Plaintiff seeks punitive damages from Defendant based on his claim that Defendant's purported violation of the ADA was "outrageous."  *See* 42 U.S.C. § 1981a(a)(2) (providing the availability of punitive damages in ADA actions).  Specifically, Plaintiff claims that Defendant's conduct in refusing to allow Plaintiff to return to work based on his muscular dystrophy was outrageous because at least four (4) medical professionals had cleared Plaintiff to return to work.  (Doc. 45, at 2.)  Plaintiff argues that this request for discovery relating to punitive damages is "appropriate given . . . the fact that Plaintiff has demanded punitive damages in his Complaint."  (*Id.* at 3.)

However, Plaintiff's own admission that his request is based on facts that were already known to him at the time that his Complaint was filed demonstrates the untimeliness of his motion.  Plaintiff offers no reason why he could not have requested this discovery earlier, *i.e.*, prior to the deadline for the close of discovery.  Absent a reason why Plaintiff did not or could not seek this discovery earlier, I find that Plaintiff's request is untimely.

Plaintiff relies on two (2) cases in support of his request:  *Grosek v. Panther Transp., Inc.*, 251 F.R.D. 162, 165 (M.D. Pa. 2008), and *Sabo v. Saurez*, No. 3:cv-08-1889, 2009 WL 2365969 (M.D. Pa. July 31, 2009).  However, neither of these cases

address a request to ***reopen*** discovery after it has already closed.  Rather, both of them address requests for discovery made while discovery was still ongoing.  For example, in *Grosek*, the court granted the plaintiff's request to file an Amended Complaint to add a claim for punitive damages ten (10) months after the initiation of the lawsuit but while discovery was still open.  The court specifically condemned "delaying discovery on these matters until ***after*** the discovery of evidence supporting punitive damages," because doing so would be inefficient and delay conclusion of the case." *Grosek*, 251 F.R.D. at 166 (emphasis added).  Likewise, in *Sabo*, the plaintiffs filed their motion for leave of court to permit punitive damages on June 15, 2009, prior to the close of the discovery period, which was scheduled to end on August 1, 2009.  *Sabo*, 2009 WL 2365969, at *1. Therefore, both of the cases upon which Plaintiff relies are inapposite.

Additionally, granting Plaintiff's untimely request to reopen discovery would prejudice Defendant, leaving Defendant with only weeks to investigate and respond to the discovery requests, while simultaneously preparing for trial, which is scheduled to commence in less than a month.  Accordingly, Plaintiff's motion will be denied.

### III. Conclusion

For the above stated reasons, Plaintiff's motion for leave to reopen discovery relating to punitive damages will be denied.

An appropriate order follows.


June 21, 2016 _____             /s/ A. Richard Caputo_____
Date                                A. Richard Caputo
                                      United States District Judge